UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

JUAN CASTRO,
      Appellant,

     v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
SF-0714-18-0130-B-1

DATE: January 29, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ronald P. Ackerman, Esquire, Los Angeles, California, for the appellant.

Rochelle D. Clinton, Esquire, Los Angeles, California, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the remand initial decision, which affirmed his removal under 38 U.S.C. § 714, following the Board's March 26, 2024 Remand Order. On petition for review, the appellant challenges the administrative judge's credibility determinations and findings of fact regarding the charged misconduct. Generally, we grant petitions such as this one

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

In our March 26, 2024 Remand Order, we concluded that the appellant provided no basis on review to disturb the administrative judge's findings of fact and conclusion that the agency proved its charge by substantial evidence, and we authorized the administrative judge on remand to adopt the findings from the initial decision regarding the charged misconduct, as appropriate. *Castro v. Department of Veterans Affairs*, MSPB Docket No. SF-0714-18-0130-I-1, Remand Order (RO) at 4 (Mar. 26, 2024); *see Viana v. Department of the Treasury*, 114 M.S.P.R. 659, ¶ 8 (2010). In the remand initial decision, the administrative judge adopted his prior findings and conclusions that the agency proved the charge by substantial evidence. *Castro v. Department of Veterans Affairs*, MSPB Docket No. SF-0714-18-0130-B-1, Remand Initial Decision (RID) at 5-18; *see Castro v. Department of Veterans Affairs*, MSPB Docket No. SF-0714-18-0130-I-1, Initial Decision at 3-15. The appellant's remand petition for review recites, nearly verbatim, his arguments regarding these findings of facts and conclusions as those included in his prior petition for review. *Compare* Remand Petition for Review (RPFR) File, Tab 1, *with Castro v. Department of*

*Veterans Affairs*, MSPB Docket No. SF-0714-18-0130-I-1, Petition for Review File, Tab 3. We again defer to the administrative judge's credibility determinations, *see* RO at 3-4 (citing *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002)), and, again, find no basis to disturb his conclusion that the agency proved its charge by substantial evidence, *see* RO at 4 (citing *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987)).

The scope of our remand order concerned the issues presented in *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1298-1300 (Fed. Cir. 2021), in which the U.S. Court of Appeals for the Federal Circuit held that an agency's deciding official may only sustain the charge if he finds it is supported by preponderant evidence, and in *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1323-27 (Fed. Cir. 2021), in which the Federal Circuit held that an agency's selected penalty must still be supported by substantial evidence, including a *Douglas*[2] factors analysis, even absent the Board's mitigation authority. RO at 4-5. In the remand initial decision, the administrative judge found that the appellant failed to show that the deciding official's application of the substantial evidence standard at the internal disciplinary stage of the process constituted harmful procedural error. RID at 18-19; *see Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶¶ 21-25 & n.5. The administrative judge also found that the deciding official thoughtfully considered and weighed the *Douglas* factors, that the penalty of removal was within the tolerable bounds of reasonableness, and that the agency met its burden of showing that the removal penalty was warranted. RID at 20-30; *see Connor*, 8 F.4th at 1323-27; *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1375-79 (Fed. Cir. 2020). The appellant has not challenged either of these findings in his remand petition for

---

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board set forth a nonexhaustive list of 12 factors for an agency to consider when determining whether a penalty is appropriate.

review. RPFR File, Tab 1. We have reviewed the record, and we discern no basis to disturb those conclusions. *See Clay*, 123 M.S.P.R. 245, ¶ 6; *Broughton*, 33 M.S.P.R. at 359. Accordingly, the appellant's remand petition for review is denied.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.